WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808)  528-8881
e-mail:  aikeda@unioncounsel.net
          jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Cedric Ota, Greg Uyematsu, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Mark Matsumoto, Peter Ganaban, Joby North II, Alfonso Oliver, Pete Lindsey, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Russell Nonaka, Anacleto Alcantra, Ron Prescott, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Mark Matsumoto, Peter Ganaban, Joby North II, and Richard Nishie; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantra, Craig | CIVIL NO. _____ **COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS** |

Nakanishi, Claude Matsumoto,            )
Mark Matsumoto, Alfonso Oliver,         )
Peter Ganaban, Joby North II,           )
and Richard Nishie; **Laborers'**       )
**and Employers' Cooperation**          )
**and Education Trust Fund**            )
**(LECET)** by its Trustees,            )
Kenneth Kobatake, Leonard               )
Dempsey, Mark Tamashiro,                )
Deron Matsuoka, Peter                   )
Ganaban, Mark Matsumoto,                )
Joseph Yaw, and Alfonso Oliver;         )
**Apprenticeship and Training**         )
**Fund** by its Trustees, Stephen       )
Yoshida, Van Goto, Scott I. Higa,       )
Leonard Leong, Anthony Tomas,           )
Peter Ganaban, Mark                     )
Matsumoto, Alfonso Oliver,              )
Richard Nishie, and Alvis               )
McCann; **Vacation & Holiday**          )
**Fund by its Trustees**, Burt          )
Watanabe, Kyle Nakamura,                )
Anacleto Alcantra, Claude               )
Matsumoto, Alfonso Oliver, Joby         )
North II, Mark Matsumoto, and           )
Peter Ganaban,                          )
                                        )
        Plaintiffs,              )
                                        )
   vs.                              )
                                        )
LANGOIA NISA, dba NISA                  )
CONTRACTOR,                             )
                                        )
        Defendant.               )
_____ )

## COMPLAINT FOR SPECIFIC
## PERFORMANCE

Come now Plaintiffs above-named by their attorneys,

Weinberg, Roger & Rosenfeld, and for Complaint against Defendant

above-named alleges and avers as follows:

## FIRST CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

1.    Plaintiffs are the Trustees of the Hawaii Laborers' Trust

Funds which consist of the Hawaii Laborers' Health & Welfare Trust

Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers'

Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation

& Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and

Hawaii Laborers and Employers' Cooperative and Education Trust

Fund (hereafter "Trust Funds").

2.    This action arises under the Labor-Management

Relations Act, 1947, as amended, the Employee Retirement Income

Security Act of 1974, and the Multiemployer Pension Plan

Amendments Act of 1980, as hereinafter more fully appears.

Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3.     At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant LANGOIA NISA, dba NISA CONTRACTOR (hereinafter "Defendant"), was, and is now a Hawaii resident doing business in the State of Hawaii.

5.     On or about July 31, 2012, Defendant, by and through his Representative, Leola K. Nisa, made, executed and delivered to

the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), that certain written collective bargaining agreement,  entitled "EXHIBIT "K," <u>CERTIFICATION OF RECEIPT AND ACCEPTANCE</u>, LABOR AGREEMENT COVERING CONSTRUCTION LABORERS IN THE STATE OF HAWAII AND FOR MASON CONTRACTORS AND AGREEMENTS AND DECLARATION OF TRUST APPURTENANT HERETO" (hereinafter "Agreement") covering Defendant's laborers in the State Of Hawaii.  A true copy of said Agreement is attached hereto as Exhibit "A", and is incorporated herein by reference.  Said Agreement by its terms incorporated the "Labor Agreement Covering Construction Laborers in The State Of Hawaii And For Mason Contractors as effective to and including August 31, 2014; and amendments to the Labor Agreement dated 10/6/08, 3/4/09, 7/4/10, and 2/26/12," and the various Trust Agreements establishing each of Plaintiffs' trusts.  By said agreement(s), Defendant promised to contribute and pay to the Trust Funds (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would

be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after July 31, 2012.

6. By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after July 31, 2012, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event of any monthly contributions were not paid when due, Defendant will pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00) whichever is greater, for each and every delinquent

6

monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8.    By virtue of said agreement(s) and 29 U.S. C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages if such amount is greater than the above-mentioned liquidated damages.

9.    By virtue of 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of interest  at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, for any unpaid contributions.

10.   By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11.   Plaintiffs have notified Defendant and have demanded that Defendant submit to an audit of his payroll records for the period of August 2014 to the present and timely payments and reports, but said Defendant has failed, neglected and/or refused to do so.

12.   Defendant now continues to fail, neglect and refuse to submit timely reports and/or audit, and unless ordered to specifically perform the agreement(s) allow said audit and to submit timely reports, Defendant will continue to fail, neglect and/or refuse to allow said audit and to submit timely reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that Defendant must provide its payroll records for August 2014 to present for audit, and the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely reports and audit would give rise to a multiplicity of suits unless said Defendant is ordered to submit timely reports and audit pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

DOCSNT\LBT368A\130241\966418.v1-5/15/18

13.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 12 of the First Cause of Action hereinabove set forth.

14.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.   Defendant's delinquencies (including contributions, liquidated damages and interest), if any, plus attorneys' fees and costs are currently unknown to Plaintiffs because Defendant has failed, neglected and/or refused to allow said audit and submit timely reports to the aforesaid Trust Funds.  If such moneys are owed, said amounts, as provided in said agreement(s), are presently due and owing and have not been paid.

16.   Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and

Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

17.   At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.

18.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action for collection, Defendant shall pay reasonable attorney's fees and costs as provided for by Employee Retirement Income Security Act, as amended, together with all other reasonable expenses incurred in connection with such suit or claim.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant LANGOIA NISA, dba NISA CONTRACTOR, ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1.   That the Court orders Defendant to submit timely reports in accordance with said agreement(s).

2.     That the Court orders Defendant to permit Plaintiffs to
audit its payroll books and records for the period of August 2014
through the present in accordance with said agreement(s).

3.     That the Court awards to Plaintiffs and against
Defendants such amounts as may be determined to be due and
owing after the necessary reports have been provided, and/or after
the necessary payroll audit has been provided, plus such other
amounts as may be due and owing at the time of trial or proof.

4.     That the Court awards to Plaintiff and against Defendant
interest at the rate prescribed under the said agreement(s) of 12%
per annum or 26 U.S.C. § 6621, whichever is greater, on any such
amounts determined to be due and owing after the necessary
reports have been provided, and/or after the necessary payroll
audit has been permitted, said interest to be calculated as of the
date(s) such amounts were due pursuant to said agreement(s).  29
U.S.C. § 1132(g).

5.     That the Court awards the Plaintiffs and against the
Defendant liquidated damages, as provided in the said
agreement(s); or an amount equal to interest  (computed at the rate

prescribed under the said agreement(s) of twelve percent (12%) or 26 U.S.C. §6621, whichever is greater), on any unpaid contributions determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, pursuant to said agreement(s), whichever amount is greater.  29 U.S.C. §1132(g).

6.     That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages, interest (12%) and any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

7.     That the Court awards the Plaintiffs and against the Defendant all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

8.     That the Court orders and awards any further and

additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, _____May 17,_____, 2018.


                          **WEINBERG, ROGER & ROSENFELD**


                          _____
                          ASHLEY K. IKEDA
                          JERRY P.S. CHANG
                          Attorneys for Plaintiffs
                          TRUSTEES OF THE HAWAII
                          LABORERS' TRUST FUNDS

13